IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LARRY HAYNES,
    Petitioner,

Case No. 3:06cv240/RV/EMT

STATE OF FLORIDA,
    Respondent.
_____/

### REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. (Doc. 1). Upon review of the petition and the court's own records, the undersigned concludes that the petition should be dismissed as an unauthorized second or successive petition.

In this habeas action, Petitioner challenges his conviction for Driving Under the Influence of Alcohol or Drugs, which was entered in the Circuit Court of Escambia County, Florida on December 5, 2001 (Doc. 1 at 1). Petitioner's conviction resulted in a sentence of one year probation (*id.*). Petitioner acknowledges on the petition form that he previously filed a § 2254 petition regarding the validity of this conviction (*id*. at 3).[1]

The court's independent investigation reveals that Petitioner has filed at least <u>three</u> other § 2254 petitions challenging the same conviction as that challenged here. Upon review of the file the clerk of court has advised, and this court may take judicial notice, that in December of 2004, Petitioner filed in this court a § 2254 petition for habeas corpus relief challenging the same conviction. *See* <u>Haynes v. State of Florida</u>, Case No. 3:04cv428/MCR/MD. That case was

---

[1] When asked on the petition form if he previously filed a § 2254 petition or other pleading regarding the validity of his state court confinement in any federal court, Petitioner checked the box marked "Yes" (Doc. 1 at 3). When directed to identify the court, case number and result, Petitioner identified Case No. 3:05cv323/LAC/MD (*id.*). The records of this court reveal that that case was a § 2254 proceeding in which Petitioner attacked the same conviction that he attacks in the instant case. *See* <u>Haynes v. State</u>, Case No. 3:05cv323/LAC/MD, Doc. 1 at 1. The court dismissed Petitioner's § 2254 application as an unauthorized second or successive petition. *Id.*, Doc. 7.

dismissed on January 6, 2005, for lack of jurisdiction because Petitioner failed to meet the "in custody" requirement for federal habeas corpus jurisdiction. *Id.*, Docs. 8, 11. Specifically, the court found that Petitioner's one-year sentence of probation imposed on December 5, 2001 terminated on December 10, 2002, and he filed his § 2254 petition on November 24, 2004. *Id.* Petitioner's appeal in that case was dismissed by the Eleventh Circuit Court of Appeals on February 10, 2005 for lack of jurisdiction. *See id.*, Doc. 31. Six days later, on February 17, 2005, Petitioner filed in this court another § 2254 petition challenging the same conviction. *See* Haynes v. State of Florida, Case No. 3:05cv49/RV/MD. That petition was dismissed on March 8, 2005, as an impermissible second or successive petition. *Id.*, Docs. 5, 7. The Eleventh Circuit Court of Appeals denied Petitioner's request for certificate of appealability on June 29, 2005, noting that the § 2254 petition was "plainly impermissibly second or successive." *Id.*, Doc. 29. Two months later, on August 16, 2005, Petitioner filed in this court another § 2254 petition challenging the same conviction. *See* Haynes v. State of Florida, Case No. 3:05cv323/LAC/MD. That petition was dismissed on September 6, 2005, as an impermissible second or successive petition. *Id.*, Docs. 3, 7. The Eleventh Circuit Court of Appeals denied Petitioner's request for certificate of appealability on January 27, 2006, noting that the § 2254 petition was "plainly impermissibly second or successive." *Id.*, Doc. 30. The instant petition, filed on May 25, 2006, is also plainly a second or successive habeas corpus application.

Title 28 U.S.C. § 2244(b)(3)(A) provides: "Before a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *See also* Rule 9, Rules Governing Section 2254 Cases (rev. ed. 2004); Felker v. Turpin, 518 U.S. 651, 116 S. Ct. 2333, 2337, 136 L. Ed. 2d 346 (1996); In re Medina, 109 F.3d 1560 (11th Cir. 1997). The instant petition is second or successive, and it is obvious from the record that Petitioner has failed to obtain the requisite permission from the Eleventh Circuit Court of Appeals in order to file this petition. This failure operates as a jurisdictional bar that precludes the district court's consideration of the merits of the petition. *See* Fugate v. Dep't of Corrections, 310 F.3d 1287, 1288 (11th Cir. 2002). For this reason, this case should be dismissed without prejudice to allow Petitioner the opportunity to seek authorization from the Eleventh Circuit Court of Appeals.

Accordingly, it is respectfully **RECOMMENDED**:

That the habeas petition filed under 28 U.S.C. § 2254 (Doc. 1) be **DISMISSED WITHOUT PREJUDICE**.

At Pensacola, Florida this 26th day of June 2006.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**